UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CAROL HERNANDEZ**  CIVIL ACTION NO. 13-cv-06489

**VERSUS**  SECTION "C"

**UNITED STATES OF AMERICA, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and MITCH BROWN**  HON. HELEN BERRIGAN

MAG. 2

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### ORDER AND REASONS[1]

Before the Court is an uncontested Motion for Partial Summary Judgment by Plaintiff Carol Hernandez ("Ms. Hernandez") on the issues of liability, insurance coverage, and course and scope of employment pursuant to Fed.R.CivP. 56. After reviewing the memoranda of the moving party, the record in the case and the applicable law, the Court GRANTS partial summary judgment as set forth below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are uncontested. On August 16, 2011, Ms. Hernandez was driving her vehicle south-bound on Girod Street near the Superdome. Rec. Doc. 1 at 13. Mr. Brown was driving his vehicle on the Poydras Superdome exit ramp coming from Interstate 10 and attempting to merge north-bound onto Girod St. Rec. Doc. 33-3 at 19. Mr. Brown slowed down to enter the intersection, but failed to see Ms. Hernandez's oncoming vehicle traveling southbound on Girod. Rec. Doc. 33-3 at 19. Mr. Brown's vehicle struck Ms. Hernandez's vehicle on the rear passenger's side causing a motor vehicle accident. Rec. Doc. 1 at 3; Rec.

---

[1] Hannah Adams, a third year law student at Northeastern University, helped prepare this order.

1

Doc. 33-3 at 19-20; Rec. Doc. 33-6 at 3. The motor vehicle accident was investigated by a New Orleans Police Department officer, who found Mr. Brown in violation of New Orleans traffic ordinance 154-400 for failure to maintain reasonable vigilance and issued him citation #J512129. Rec. Doc. 33-4; Rec. Doc. 33-5. The officer found that Ms. Hernandez had not committed any violations in connection to the accident and did not ticket her. Rec. Doc. 33-4 at 6. Mr. Brown pled guilty to the charge of failure to maintain reasonable vigilance. Rec. Doc. 33-5; Rec. Doc. 33-3 at 22. When the accident occurred Mr. Brown was in the course and scope of his employment with the Federal Deposit Insurance Corporation ("FDIC"). Rec. Doc. 1 at 3; Rec. Doc. 13 at 2; Rec. Doc. 20 at 3; Rec. Doc. 16-1. At the time of the accident the FDIC had in full force and effect a policy of liability insurance covering its employee drivers with policy limits of $1,000,000 provided by the American Guarantee and Liability Insurance Company. Rec. Doc. 33-8.

Ms. Hernandez initially brought this action in state court in June 2012, but removed to this Court in March 2013 on the basis that Mr. Brown was acting in the course and scope of his employment with the United States at the time of the accident. See *Hernandez v. State Farm Mut. Auto. Section Ins. Co.*, No. CIV.A. 13-544, 2013 WL 5707795 (E.D. La. Oct. 18, 2013). Ms. Hernandez correctly pled jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §2671, et. Seq. That case was dismissed without prejudice in October 2013 under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction due to Ms. Hernandez's failure to exhaust administrative remedies as required under the FTCA. The present case was filed against State Farm Mutual Automobile Insurance Company ("State Farm"), American Guarantee and Liability Insurance Company ("AGLIC"), Mitch Brown ("Mr. Brown") and the United States of America ("U.S.") a

month later after exhausting administrative remedies.[2] In February 2014 the U.S. was substituted for Mr. Brown as party defendant and claims against Mr. Brown were dismissed by consent of the parties pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1998, 28 U.S.C. §2679(d)(2). Rec. Doc. 18. In April 2014 claims against State Farm were dismissed pursuant to Plaintiff's motion. Rec. Doc. 31. The U.S. and AGLIC are the remaining party defendants.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Where the moving party bears the burden of proof at trial as the plaintiff, or as a defendant asserting an affirmative defense, that party must support its motion with "credible evidence . . . that would entitle it to directed verdict if not controverted at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). Credible evidence may include depositions, documents, affidavits, stipulations, admissions, interrogatory answers, or other materials. Fed.R.Civ.P. 56(c). In the case of a traffic violation, Louisiana courts hold that a guilty plea is considered an admission against interest relevant to show fault. *Shephard on Behalf of Shepard v. Scheeler*, 701 So. 2d 1308, 1315 (La. 1997).

Once the moving party has made its showing, the burden shifts to the non-moving party to produce evidence that demonstrates the existence of a genuine issue of fact. *Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-

---

[2] Ms. Hernandez presented her claim in writing to the FDIC on May 14, 2013 and was required to wait six months for the agency to review her claim before filing suit. 28 U.S.C. §2401; 39 C.F.R. §912.9(a).

3

24). All justifiable inferences are to be drawn in the non-moving party's favor. *Anderson*, 477 U.S. at 255.

## B. Analysis

Ms. Hernandez alleges defendants' liability under state and municipal law. First, LSA-R.S. 32:123(D) states in pertinent part:

> The driver or operator of a vehicle approaching a yield sign shall slow down to a speed reasonable for the existing conditions, or shall stop if necessary . . . where the driver has a view of approaching traffic on the intersecting roadway. Having slowed or stopped in this manner, the driver shall yield the right-of-way . . . to any vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard.

A driver has a "continuing duty to exercise care and caution" after entering the intersection. *Mentel v. Boston Ins. Co.*, 144 So. 2d 441, 445 (La.App. 4 Cir. 1962). The fact that a driver fails to see a vehicle that he *should have seen*, does not excuse the driver from liability. *Id.* at 444.

Second, New Orleans Municipal Code Sec. 154-400 states, "The operator of any vehicle in this city shall maintain a reasonable vigilance at all times while driving, sufficient to avoid collision with another vehicle, pedestrian, or other private or public property." The ordinance references LSA-R.S. 32:58 which states in pertinent part, "Any person operating a motor vehicle on the public roads of this state shall drive in a careful and prudent manner, so as not to endanger the life, limb, or property of any person."

This uncontested motion is limited to the issues of liability, course and scope of employment, and insurance coverage. Because the motion is uncontested the Court need only examine whether the moving party has met her burden as to each element.

### 1. Liability

Ms. Hernandez has presented sufficient evidence that Mr. Brown was 100% at fault for the accident due to his failure to yield to oncoming traffic, and his failure to maintain reasonable

4

vigilance, such that no material issue of fact exists.[3] In his deposition, Mr. Brown admitted that he "failed to re-look to the left and failed to see oncoming vehicle" as he was merging onto Girod Street from I-10. Rec. Doc. 33-3 at 19. The fact that Mr. Brown looked both ways before entering the intersection and did not see Ms. Hernandez's car does not absolve him of liability for negligence. *Mentel*, 144 So. 2d at 444-445. The police report issued at the scene of the accident states that Mr. Brown committed the violation of "failure to yield." Rec. Doc. 33-4 at 4. Finally, Mr. Brown received a citation for failure to exercise reasonable vigilance, to which he pled guilty.[4] Rec. Doc. 33-5 at 1. This guilty plea is an admission against interest that supports Ms. Hernandez's allegation of liability. *Shephard*, 701 So. 2d at 1315.

Furthermore, Ms. Hernandez has presented sufficient evidence that she was *not* contributorily negligent in causing the accident. The police report states that Ms. Hernandez committed "no violations," and she was not issued a citation. Rec. Doc. 33-4 at 6; Rec. Doc. 33-6 at 4. Mr. Brown admitted under oath that he was not aware of anything Ms. Hernandez did wrong to cause the accident. Rec. Doc. 33-3 at 22. Neither party is aware of any other eyewitnesses to the accident. Rec. Doc. 33-3 at 27; Rec. Doc. 33-6 at 3. Moreover, defendants have failed to allege, or present any evidentiary support for, the existence of a factual dispute over Mr. Brown's level of fault or the U.S.'s liability in this matter.

### 2. Course and Scope of Employment

---

[3] The U.S. was substituted for Mr. Brown and claims against Mr. Brown were dismissed pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1998. Rec. Doc. 18. Thus the U.S. accepts liability for Mr. Brown's conduct while in the course of his duties as a federal employee.

[4] The Court notes the failure of Plaintiff's counsel to address discrepancies in the name of the defendant as listed on the police report and citation, documents upon which the Plaintiff heavily relies. The defendant's voluntary statement lists "Mitch Brown," while the police report names "Ray B Brown" and the citation names "Ray Mitchell." The Court was only made aware that Mitch Brown's full name is Ray B. Mitch Brown because of the witness list provided by defendant AGLIC in its Rule 26(a) disclosures. Rec. Doc. 22.

There is also no material dispute regarding the fact that Mr. Brown was acting in the scope of his employment for the FDIC at the time of the accident. Ms. Hernandez has submitted a certification from U.S. Attorney Kenneth Allen Polite stating that Mr. Brown was in fact acting within the scope of his employment with the U.S. at the time of the accident. Rec. Doc. 16-1. Defendants have alleged no issue of material fact on this point; rather they have admitted that Mr. Brown was acting within the course of his duties in their responsive pleadings. Rec. Doc. 13 a 2; Rec. Doc. 20 at 2.

### 3. Insurance Coverage

Finally, there is no issue of material fact regarding the U.S.'s insurance coverage by AGLIC, or the coverage limit of $1,000,000. Plaintiffs have produced the insurance policy (provided by Defendant in discovery) that was in full force and effect at the time of the accident. Rec. Doc. 33-9. The policy lists "FDIC" as the insured, and $1,000,000 as the most AGLIC will pay for liability coverage for any one accident or loss. *Id.* Defendants have not alleged or produced evidence that an issue of material fact exists regarding coverage under the aforementioned policy.

## C. Conclusion

After examining the evidence presented by Ms. Hernandez, and the defendant's decision not to contest her motion, the Court finds that no genuine issue of material fact exists regarding (a) defendants' liability for the accident, (b) defendant's status as a federal employee at the time of the accident, and (c) the availability of insurance coverage of $1,000,000 by AGLIC.

Accordingly,

IT IS ORDERED that the motion for partial summary judgment filed by the plaintiff is GRANTED.

New Orleans, Louisiana this 22nd day of September, 2014.

                                                  **HELEN G. BERRIGAN**
                                                  **UNITED STATES DISTRICT JUDGE**