UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAROL HERNANDEZ                                    CIVIL ACTION

VERSUS                                             NO. 13-6489

UNITED STATES OF AMERICA, STATE          SECTION: "C" (2)
FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, AMERICAN
GUARANTEE AND LIABILITY
INSURANCE COMPANY and MITCH
BROWN

ORDER AND REASONS

Before the Court is plaintiff's motion for declaratory judgment as to whether the trial in

this matter will be a jury trial. Rec. Doc. 38. In addition, both plaintiff, Carol Hernandez

("Hernandez"), and defendant, American Guarantee & Liability Insurance Company ("American

Guarantee") have asked that the court determine whether Hernandez may maintain a direct action

against American Guarantee. Rec. Doc. 46 at 1. Rec. Doc. 48 at 1-2. Having considered the law

and the memoranda of counsel, the Court finds that a direct action may be maintained against

American Guarantee, and that the case shall be tried before a judge.

**I. Background**

This case arises out of an automobile accident between plaintiff and Mitch Brown

("Brown"), an employee of the Federal Deposit Insurance Corporation ("FDIC") who was acting

1

in the course and scope of his employment when the accident occurred. Rec. Doc. 1 at 3; Rec.

Doc. 13 at 2; Rec. Doc 20 at 3; Rec. Doc. 16-1. Brown's employer, the FDIC, was covered by an

insurance policy from American Guarantee that was in full force and effect at the time of the

accident. Rec. Doc. 33-9. In addition, Hernandez alleged that State Farm Mutual Automobile

Insurance Company ("State Farm") provided a policy of automobile liability insurance to Brown.

Rec. Doc. 1, ¶VII. On November 22, 2013, Hernandez filed this suit for damages against Brown,

the United States of America ("United States"), State Farm, and American Guarantee. Rec. Doc.

1. The Court has since dismissed Brown and State Farm as parties to this suit. Rec. Docs. 18, 31.

Plaintiff now seeks clarification in the form of a declaratory judgment on whether this case will

be tried before a jury. Rec. Doc. 38. Defendant, American Guarantee,  has filed a position paper

stating that before the Court can reach the question of whether or not the trial will be before a

jury, it must determine whether Hernandez may maintain a direct action against American

Guarantee. Rec. Doc. 46 at 1. If the Court finds that a direct action can be maintained, then

American Guarantee asserts that it has the right to a jury trial. *Id*. Hernandez, in her reply brief,

states that she agrees with defendant's position that the Court must first resolve the question of

whether a direct action can be maintained, and requests that the Court declare this case to be tried

before a jury. Rec. Doc. 48 at 1.

**II. Direct action against American Guarantee**

The first issue before the Court, whether a plaintiff bringing an action in federal court

under the Federal Tort Claims Act may sustain a direct action against the government's insurer, is

one of first impression in this jurisdiction. Thus, the Court looks to instances when courts have

been called upon to determine whether a plaintiff suing under other federal statutes may join an

insurer using Louisiana's direct action statute.

When faced with this question, courts have looked first to the plain language of the

statute. For example, in a suit brought under the Comprehensive Environmental Response,

Compensation, and Liability Act ("CERCLA"), the District Court for the Middle District of

Louisiana observed that CERCLA specifically enumerated a list of responsible parties that could

be held liable under the statute and that insurers were not included in that list. *Port Allen Marine*

*Services v. Chotin*, 765 F.Supp. 887, 888-89 (M.D. La. 1991). Because the plain text of the

statute indicated that Congress had contemplated what types of entities could be sued directly and

had excluded insurers, the court found that a direct action could not be maintained. *Id*.

The *Port Allen* court also considered the argument that even if CERCLA did not create a

right to a direct action, Louisiana's Direct Action Statute granted plaintiffs the ability to directly

sue insurers. In response, the Court noted that CERCLA was intended, as its name indicated, to

be a "comprehensive framework for determining liability for environmental damage,"

establishing both federal rights and remedies without need for state law supplementation, and

that the statute explicitly spoke to which entities could be sued directly. The Court accordingly

3

declined to apply the Louisiana Direct Action Statute because the issue had been preempted by

federal law. *Id*.

In contrast, courts have allowed direct actions to proceed under the Jones Act. For

instance, in *Lovless v. Employers' Liability Assur. Corp*., the Fifth Circuit reversed the trial

court's order dismissing an insurance company that had been sued directly in a damage suit based

upon the Jones Act. 218 F.2d 714, 715 (5th Cir. 1955). In *City of New Orleans v. Kernan*, the

court contrasted the language of CERCLA with that of the Jones Act. The court found that,

unlike CERCLA, the Jones Act does not explicitly address when a direct action may be brought

in the statute, and thus did not bar direct actions against insurers. 933 F.Supp. 565, 568 (E.D. La.

1996).

The FTCA does not speak to the availability of a direct action against insurers. Like the

Jones Act, the Federal Tort Claims Act is silent as to when a direct action may be brought. Thus,

the Court finds that Congress has not spoken explicitly on the issue of direct actions against

insurers to preempt state law on the matter. Furthermore, the FTCA, unlike CERCLA, does not

create a comprehensive framework for determining liability. Rather, the FTCA provides that the

United States shall be liable "in the same manner and to the same extent as a private individual

under like circumstances. . ." 28 U.S.C.A. § 2674. The Fifth Circuit has acknowledged that "in

FTCA suits, state substantive law applies." *Lee v. U.S.*, 765 F.3d 521, 523 (5th Cir. 2014); *Banks*

*v. City of New Orleans*, 628 F.Supp.2d 686, 690 (E.D. La. 2009) ("It is a well-settled principle

that the tort liability of the United States is, in actions under the Federal Tort Claims Act,

governed by the law of the state where the tortious conduct took place."); *Aretz v. United States*,

604 F.2d 417, 429 (5th Cir. 1979). Thus, the FTCA explicitly calls for state law supplementation,

and has not preempted the possibility of a direct action. Accordingly, the Court finds that a direct

action is available under the FTCA.

The Court does not find the holding in *Smith v. Rivest*, cited to by American Guarantee, to

be applicable in this case. Rec. Doc. 46 at 1. In *Smith*, the court dismissed the government

employee and his insurer because "the purpose of [the statute] is to substitute liability of the

United States for that of the *employee*, and to immunize the *employee* from personal liability. . ."

396 F.Supp. 379, 381 (E.D. Wis. 1975) (emphasis added). In this case, the Court considers the

appropriateness of allowing the government's insurer to be sued directly, not the government's

employee. Furthermore, in Smith there was no discussion of the existence of a direct action

statute that would have allowed the third party plaintiff in that case to sue the insurer directly.

*Danzy v. U.S. Fidelity & Guaranty Co.* also deals with a government employee's insurer, not the

government's insurer. 380 So.2d 1356, 1358 (La. 1980). In that case, the Supreme Court of

Louisiana affirmed the trial court's determination that the employee's insurer could not be sued in

a direct action because the plaintiff had already released his claim against the United States in a

prior action in federal court. The Louisiana Supreme Court stated, "the defendant insurer was

entitled to a summary judgment of dismissal *by virtue of plaintiff's release of his claim against*

*the United States.*" *Id.* at 1360. The *Danzy* court based its dismissal on a prior settlement that

released all claims against the United States, not on the availability of a direct action against the

United States' insurer if no such settlement had been reached. Thus, these cases do not disturb the

Court's finding that a direct action is available under the FTCA.

**III. Availability of jury trial**

The question of whether a direct action under the FTCA against a government's insurer

can be tried before a jury is likewise one of first impression in this jurisdiction. Both Hernandez

and American Guarantee urge that there is a right to a jury trial in this case.

The unavailability of a jury trial in lawsuits brought under the FTCA is regarded as an

extension of sovereign immunity. It is well settled that:

> The government cannot be sued, except with its own consent. It can declare in what court
>
> it may be sued, and prescribe the forms of pleading and the rules of practice to be
>
> observed in such suits. *McElrath v. U.S.*, 102 U.S. 426, 440 (1880).

The United State Supreme Court has clarified that the government's ability to prescribe the

conditions under which it may be sued extends to whether the case may be tried before a jury.

The Court stated, "Congress, by the act in question, informs the claimant that if he avails himself

of the privilege of suing the government. . . he may be met with a set-off, counter-claim, or other

demand of the government, upon which judgment may go against him, *without the intervention*

*of a jury. . ." Id.* (emphasis added). In the FTCA, Congress has allowed suits for damages, but has

declined to extend this waiver of sovereign immunity to allowing jury trials. The FTCA

explicitly states, "any action against the United States under section 1346 shall be tried by the

court without a jury. . ." 28 U.S.C.A. §2402. Thus, the FTCA does not confer a right to a jury

trial.

Because the FTCA does not confer a right to a jury trial, Louisiana's direct action statute

cannot create such a right. The Louisiana Supreme Court has clarified the direct action statute,

stating:

> The . . . statute does not create an independent cause of action against the insurer, it
>
> merely grants a procedural right of action against the insurer where the plaintiff has a
>
> substantive cause of action against the insured.

*Descant v. Administrators of Tulane Educational Fund*, 639 So.2d 246, 249 (La. 1994). Where,

as here, the statute waiving sovereign immunity and allowing plaintiff to sue the United States

proscribes trial by jury, such a right cannot be created by the direct action statute, nor can it be

consented to by the parties.

The Court notes that in at least one case where the United States was a co-defendant

alongside other tortfeasors, the other co-defendants were not barred from demanding a jury trial.

*See Engelhardt v. United States*, 69 F. Supp. 451, 454-55 (D. Md. 1947) (United States could be

sued as joint tortfeasor under Federal Tort Claims Act, and possibility that other defendants may

request jury trial did not bar such suit). However, here American Guarantee is an insurer of a

tort-feasor, against whom Hernandez does not possess a independent cause of action, rather than

an alleged tortfeasor in its own right. Thus, the Court finds that the case must be tried as a bench

trial, since no right to a jury trial exists under the FTCA.


*Conclusion*

      For the foregoing reasons, IT IS ORDERED that:

      (1) Hernandez may maintain a direct action against American Guarantee,

      (2) the trial in this case shall be before a judge.


      New Orleans, Louisiana, this 8th day of December 2014.


                                   **HELEN G. BERRIGAN**
                                   **UNITED STATES DISTRICT JUDGE**